W. R. POWE *et al.*, Respondents, v. PHILIP GRUNER & BROTHERS LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, May 22, 1897.

Practice, Appellate : ISSUE: CONFLICT OF EVIDENCE. Where there is only one issue of fact in a cause, and there is a conflict of evidence as to that, the finding below will not be disturbed.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED; Judge BOND concurring, Judge BLAND not sitting.

*George W. Lubke, Jr.*, for appellant.

The instruction refused should have been given. If the court found from the evidence that respondents made no contract with Falter, appellant was entitled, under Falter's undisputed statement, to the benefit of that contract as the undisclosed principal of Falter in the transaction. *Briggs v. Munchon*, 56 Mo. 467 ; *Bank v. Jennings*, 18 Mo. App. 651.

The finding of the court on the counterclaim is opposed to the undisputed facts in evidence. *Hewitt v. Doherty*, 25 Mo. App. 326.

The finding on the counterclaim, is also contrary to law. By implication of law the parties by their acts made Falter a broker between them. *Hayden v. Grillo*, 26 Mo. App. 289.

If the acts of the parties were not sufficient to make Falter a broker, he certainly made a contract with respondents for appellant, upon which appellant could sue. *Briggs v. Munchon, supra; Bank v. Jennings, supra.*

The contract was entire, and the sellers had no right to demand payment until the whole contract had been fulfilled by them. Their refusal to deliver, unless payment for the installments delivered was made, was a breach of the contract. *Shinn v. Bodine*, 60 Pa. St. 182; *Alcott v. Hugus*, 105 *Id.* 35; *Mersey Co. v. Naylor*, 9 App. Cas. 434; *Fruth v. Burr*, L. R. 9 C. P. 208; *Davis v. Maxwell*, 12 Metc. 286.

The measure of damages for the breach of this contract is the difference between the market value, at the time the delivery should have been made, and the contract price. *Griffith v. Kansas City, etc.*, 46 Mo. App. 539.

BIGGS, J.—Plaintiffs agreed to sell to defendant a bill of lumber. The sale was negotiated by a broker. Under this contract the plaintiffs delivered lumber of the value of $1,071.87, which they claimed was all the lumber embraced in the contract. After deducting freight, claims for shortage and payments, there was an acknowledged balance of $355.68 due plaintiffs. The defendants refused to pay this on the ground that the plaintiffs had not completed the delivery of all the lumber purchased. The plaintiffs instituted the pres-

ent action for the balance claimed by them, and the defendant filed a counterclaim for $325, it being the alleged difference between the market price of the undelivered portion of the lumber and the contract price therefor.  The cause was submitted to the court without a jury.  Both parties introduced evidence tending to support their respective contentions as to the terms of the contract.  The court gave the following declaration of law at the instance of the defendant:

"The court, sitting as a jury, declares the law to be, that if, from the evidence, the court believes and finds that the plaintiffs and the defendant, by their acts, employed the witness H. S. Falter, as broker between them, and that as such broker said Falter contracted with defendant for plaintiffs that the plaintiffs would sell to defendant, and with defendant that the defendant would buy from plaintiffs about 300 M. feet of rough yellow pine lumber at the price of $10.50 per M. feet for lumber measuring 18 feet and under, and $11.50 per M. feet for lumber measuring 20 to 24 feet, to be delivered and received in car load lots in accordance with a memorandum thereof submitted to plaintiffs by said Falter, and appproved by them, and read in evidence; and that part of said lumber so sold was delivered by plaintiffs to defendant, and that after such partial delivery of said 300 M. feet, plaintiffs refused and failed to deliver any further lumber on account of said contract, then the court will find for the defendant on its counterclaim in such sum as from the evidence the court believes is the difference between the market price within a reasonable time after said lumber not delivered might have been delivered to defendant by plaintiffs, and the contract price thereof."

Thereupon the court found against defendant on its counterclaim and judgment was entered for plain-

tiffs for the full amount of their claim.    The defendant has appealed.

We can see no merit in this appeal.    There was but one issue of fact, and as to that the evidence was PRACTICE, appellate: issue: conflict of evidence. conflicting.    Therefore it is useless to argue that the finding on the counterclaim is against the evidence.

It appeared on the trial that Carlisle & Company, who are extensive lumber dealers, issued daily price lists of lumber in the St. Louis market.    After the president of the defendant had testified fully as to the difference between the market value of the lumber sold by plaintiffs to his company and the contract price, he was asked "what the custom in the trade was in regard to the Carlisle price list."    An objection to the question was sustained and the defendant assigns this ruling as error.    It is impossible to see the relevancy of the answer to this question, and the defendant's counsel has not pointed it out.

As to the declaration of law which the court refused to give, it suffices to say that there was no evidence that the broker in negotiating the sale acted solely as the agent of the defendant.    The evidence tends to show that he acted as a go-between or as the common agent of both parties.    But whether he was the agent of one or both, can make no difference.    The plaintiffs and the broker differed as to the terms and conditions of the contract, and the court found the contract to be as the plaintiffs contend.

The judgment of the circuit court will be affirmed. Judge BOND concurs; Judge BLAND absent.